UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRYSTALLINE J. WACHTEL,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>      Defendant. | NO: 13-CV-0103-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  BEFORE THE COURT are the parties cross-motions for summary judgment (ECF Nos. 13 and 19). Plaintiff is represented by Dana C. Madsen. Defendant is represented by Summer Stinson. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1  "substantial gainful activity," the Commissioner must find that the claimant is not
2  disabled. 20 C.F.R. § 416.920(b).

3  If the claimant is not engaged in substantial gainful activities, the analysis
4  proceeds to step two. At this step, the Commissioner considers the severity of the
5  claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from
6  "any impairment or combination of impairments which significantly limits [his or
7  her] physical or mental ability to do basic work activities," the analysis proceeds to
8  step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy
9  this severity threshold, however, the Commissioner must find that the claimant is
10 not disabled. *Id.*

11 At step three, the Commissioner compares the claimant's impairment to
12 several impairments recognized by the Commissioner to be so severe as to
13 preclude a person from engaging in substantial gainful activity. 20 C.F.R.
14 § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the
15 enumerated impairments, the Commissioner must find the claimant disabled and
16 award benefits. 20 C.F.R. § 416.920(d).

17 If the severity of the claimant's impairment does meet or exceed the severity
18 of the enumerated impairments, the Commissioner must pause to assess the
19 claimant's "residual functional capacity." Residual functional capacity ("RFC"),
20 defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on January 28, 2010, alleging a disability onset date of August 1, 2007. Tr. 114-17. Plaintiff's claim was denied initially and on reconsideration. Tr. 72-75, 79-81. Plaintiff requested a hearing before an administrative law judge, which hearing was held on May 25, 2011. Tr. 85. The ALJ issued a decision on June 24, 2011, finding that Plaintiff was not disabled under the Act. Tr. 24-35.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 28, 2010, the application date. Tr. 26. At step two, the ALJ found that Plaintiff had severe impairments, Tr. 26, but at step three, the ALJ found that these impairments did not meet or medically equal a listed impairment. Tr. 26-28. The ALJ then determined that Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable of simple, routine and repetitive tasks and some well learned complex tasks. She is unable to perform fast-paced production requirements. She would do best in a more isolated work environment, but [is] capable of superficial interaction with the general public and coworkers.

Tr. 28. At step four, the ALJ found that Plaintiff had no past relevant work.

Tr. 34.  At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy in representative occupations such as fish cleaner, farm worker (fruit II) and laundry worker II.  Tr. 34.  Thus, the ALJ concluded that Plaintiff was not disabled and denied her claims on that basis.  Tr. 35.

On July 7, 2011, Plaintiff requested review of the ALJ's decision by the Appeals Council.  Tr. 19-20.  The Appeals Council denied Plaintiff's request for review on January 10, 2013, Tr. 1-6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.  Plaintiff has not raised discrete issues for the Court to review.  Instead, Plaintiff generically asserts that she "is more limited from a psychological standpoint" than the ALJ concluded.  The Court construes Plaintiff's briefing as a challenge to the ALJ's rejection of the opinions of examining psychologists Dr. Scott Mabee and Dr. William Greene.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

## DISCUSSION

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists. *Id.* (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id.* at 1203, n.2 (citation omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228

(9th Cir. 2009) (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). An ALJ may also reject a treating physician's opinion which is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (internal quotation and citation omitted).

Here, Plaintiff contends that she "is much more limited from a psychological standpoint than what was determined by the ALJ." ECF No. 13 at 14. In support of this contention, Plaintiff argues that the ALJ erred by failing to fully credit the opinions of examining psychologists Dr. Scott Mabee and Dr. William Greene concerning the extent of her work-related psychological limitations. ECF No. 13 at 10-12. Plaintiff has not identified any specific psychological limitation(s) noted by Dr. Mabee or Dr. Greene that the ALJ should have incorporated into the RFC. Instead, Plaintiff blithely asserts that all of Dr. Mabee's and Dr. Greene's opinions must be credited because the ALJ did not properly reject them. *See, e.g.*, ECF No. 13 at ("[I]t is [Plaintiff's] contention that the ALJ did not properly reject the January and November 2008 evaluations by Dr. Mabee and Ms. Lyszkiewicz. Because their opinions were not properly rejected, [Plaintiff] believes they must be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

credited. Upon crediting them, the ALJ would have to determine that [Plaintiff] was more limited from a psychological standpoint and unable to perform work."); ECF No. 20 at 3 ("[Plaintiff] has successfully argued that the ALJ did not properly consider or reject the opinions of Dr. Mabee, Ms. Lysziewicz, and Dr. Greene. Because they were not properly rejected, they must be credited. And once credited, the ALJ would have to determine that [Plaintiff] was more limited from a psychological standpoint.").

The ALJ provided at least two clear and convincing reasons supported by substantial evidence for rejecting the relevant portions of Dr. Mabee's and Dr. Greene's opinions. First, the ALJ noted that both doctors' opinions were based heavily upon Plaintiff's subjective assessments of her psychological problems. Specifically, the ALJ noted that Dr. Mabee and Shari Lyszkiewicz, a licensed mental health counselor working under Dr. Mabee's supervision, "apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." Tr. 33. With regard to Dr. Greene, the ALJ similarly noted that Dr. Greene "appears to rely quite heavily on the claimant's subjective report of symptoms and limitations." Tr. 33. This reasoning is particularly significant in view of the ALJ's earlier finding that Plaintiff's statements concerning her pain, symptoms and limitations were not credible—a finding which Plaintiff has not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

challenged in these proceedings.  *See* Tr. 31-33 (finding Plaintiff's complaints not credible given that she worked "only sporadically" in the years prior to her alleged disability onset date, that she began taking college-level veterinary courses five months after her alleged onset date, that she "ha[d] not been entirely compliant in taking [her] prescribed medications," that she visited her doctor "relatively infrequent[ly]" for treatment of her allegedly disabling diarrhea symptoms, and medical evidence "suggesting that the claimant has exaggerated [her] symptoms."). This was a permissible basis for rejecting Dr. Mabee's and Dr. Greene's opinions. *Tommasetti*, 533 F.3d at 1041.

     Second, the ALJ noted several internal inconsistencies between the two doctors' opinions.  For example, the ALJ observed:

> [T]he medical opinions and findings contained in [Ms. Lyszkiewicz's] checkbox reports contrasts with her narrative, which renders it less persuasive. . . . She found the claimant was moderately to markedly limited in social factors yet, in her narrative, [states that] the claimant is living with a friend, has a boyfriend, is attending college classes and is about to complete it and has some social interactions.  She even noted that the claimant's Beck Depression scores [suggested] exaggeration of depression.  Therefore, Ms. Lyszkiewicz's checkbox reports finding the claimant markedly impaired are accorded little weight[.]

Tr. 33.  The ALJ also recognized that Ms. Lyszkiewicz did not fully endorse the validity of her check-the-box entries.  *See, e.g.*, Tr. 216 ("[Plaintiff has been in counseling for over one year, preparing to return to work. . . . *I believe [she] is*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

*ready to return to work, and her invalid test results today are a reflection of her reluctance to take that step.*") (emphasis added).

With regard to Dr. Greene's opinions, the ALJ explained:

> [Dr. Greene] noted [Plaintiff] was engaging and cooperative, had good eye contact, communicated clearly and understandably, stayed on topic and was alert and oriented. Her attention and concentration was satisfactory and she had adequate recall of personal history and recent past. Her judgment and intellectual ability was reported to be fair. Her mood and affect, apparent emotions and facial and emotional expressions are noted to all be within normal limits. These are in contrast to [Dr. Greene's] check box narrative where he states she "appears lethargic and lacks concentration."

Tr. 33. This too was a permissible basis for rejecting Dr. Mabee's and Dr. Greene's opinions. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

Finally, the Court is not persuaded that the ALJ's failure to specifically discuss Dr. Mabee's May 13, 2009 evaluation amounts to reversible error. As a threshold matter, this evaluation was merely a "revision" of a prior evaluation performed on February 3, 2009. Tr. 226. The ALJ did specifically address the prior evaluation, in which Dr. Mabee concluded that Plaintiff "was ready to return to work, and that her invalid test results today are a reflection of her reluctance to take that step." Tr. 216. The ALJ afforded this opinion some weight. Tr. 33. It is also clear that the ALJ considered the May 13, 2009 evaluation, as evidenced by the fact that the ALJ incorporated language from Dr. Mabee's narrative into his

1  decision.  *Compare* Tr. 226 ("I continue to believe that [Plaintiff] is very reluctant

2  to leave the support of the mental health system for the independence of entering

3  the job market[.]"), *with* Tr. 33 (crediting Dr. Mabee's opinion that Plaintiff "is

4  reluctant to leave the support of the mental health system for the independence of

5  entering the job market").

6      It is true that the ALJ did not specifically address Dr. Mabee's check-the-

7  box ratings of Plaintiff's functional limitations in the May 13, 2009 evaluation,

8  several of which were higher than his ratings in the February 3, 2009 evaluation.

9  Nevertheless, the Court concludes that this error was harmless.  As noted above,

10 the ALJ provided valid reasons for rejecting Dr. Mabee's ratings of Plaintiff's

11 functional limitations on January 3, 2008 and November 3, 2008—that Dr. Mabee

12 relied primarily upon Plaintiff's own subjective evaluation of her symptoms and

13 limitations (which the ALJ deemed not credible), and that Dr. Mabee's check-the-

14 box ratings were inconsistent with his narrative statements.  These reasons apply

15 with equal force to Dr. Mabee's check-the-box ratings of Plaintiff's limitations in

16 the May 13, 2009 evaluation.  At bottom, the ALJ's failure to specifically reject

17 Dr. Mabee's May 13, 2009 check-the-box ratings was "inconsequential to the

18 ultimate nondisability determination." *Molina*, 674 F.3d at 1115.  Where the ALJ

19 rejects a witness's testimony without providing germane reasons, but has already

20 provided germane reasons for rejecting similar testimony, we cannot reverse the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

agency merely because the ALJ did not "clearly link his determination to those reasons." *Id*. at 1121 (citation omitted). Accordingly, the Court will grant Defendant's motion for summary judgment.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** March 17, 2014.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14